SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09–0452 PA (VBKx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | Danny Villareal v. Thomas A. Demarco, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

None                                                         None

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Thomas A. Demarco and MWR Trucking, Inc. ("Defendants") on January 21, 2009. (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the parties seeking to invoke this Court's jurisdiction, Defendants bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Complaint filed by plaintiff Danny Villareal ("Plaintiff") contains no allegations regarding her citizenship. (See Not. of Removal, Ex. A.) In their Notice of Removal, Defendants allege that they "are informed and believe that Plaintiff was, and still is, a citizen of the State of California." (Not. of

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–0452 PA (VBKx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | Danny Villareal v. Thomas A. Demarco, et al. | | |

Removal ¶ 6.)  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

Moreover, Defendants' Notice of Removal does not appear to be timely.  "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  Failure to comply with the statutory time limit bars removal.  See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).  As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant."  Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

In the Notice of Removal, Defendants allege "on or about" when they "received" a copy of the Complaint, but they do not allege when they were served.  (Not. of Removal ¶¶ 2–3.)  They do, however, attach proofs of service.  The proofs of service indicate that Plaintiff mailed the Summons and Complaint to each Defendant on December 11, 2008.  Pursuant to California Code of Civil Procedure § 415.40, service by mail of out-of-state defendants is deemed complete on the tenth day after mailing.  Thus, Defendants were served on December 21, 2008.  The thirtieth day following the date of service, and the date by which a Notice of Removal must have been filed, was January 20, 2009.  The Notice of Removal was filed on January 21, 2009.

Defendants assert that the Complaint did not allege the citizenship of the Defendants, and that they did not learn there was complete diversity until Plaintiff's counsel faxed them proofs of service for both Defendants.  (Not. of Removal ¶ 9.)  However, Defendants are in the best position to know their own citizenship.  See Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *6 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Wickett v. Katz, No. 91 Civ. 8291 (LJF), 1992 WL 30684, at *2 (S.D.N.Y. 1992) (noting that defendant had duty to contact other defendants "to verify the 'citizenship' of those corporations for purposes of diversity jurisdiction."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that,

SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–0452 PA (VBKx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | Danny Villareal v. Thomas A. Demarco, et al. | | |

even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes").

Just as multiple defendants must communicate with one another to ensure that all defendants join in a notice of removal, see Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal"), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006), defendants must also ascertain their co-defendants' citizenship in order to establish diversity. Wickett, 1992 WL 30684, at *2. Here, Plaintiff alleges that "all of the Defendants were the agents, servants and employees of the co-Defendants." (Compl. ¶ 5.) Plaintiff also alleges injuries caused by Defendants' truck, presumably being driven by Defendant Thomas Demarco. (Compl. ¶ 8–9.) Moreover, Defendants, jointly represented by a single attorney, filed an answer in the Superior Court case on January 15, 2009 — one day after the facsimiles of the proofs of service, which Defendants assert established diversity, appear to be sent. (See Not. of Removal, Exs. B–D.) Therefore, the Court finds it implausible that each Defendant was unaware of the citizenship of the other. Accordingly, the Notice of Removal is untimely.

For the foregoing reasons, this Court remands this action to Los Angeles County Superior Court, Case No. BC 403159, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.